JOHN C. DANENHOWER ET AL., PARTNERS, v. JOHN W. LIPPINCOTT.

Submitted March 24, 1906—Decided June 11, 1906.

1. The command of a writ of *certiorari* is not to be limited by the recitals of the writ where it is so definite that no misunderstanding can arise.
2. It is erroneous for the Common Pleas to dismiss an appeal from the court for the trial of small causes for the failure of the justice to send up the transcript within the time fixed by statute in a case where the appellant is not himself in laches.

---

On *certiorari* to Burlington Pleas.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiffs, *Wilson, Carr & Stackhouse.*

For the defendant, *William A. Slaughter.*

The opinion of the court was delivered by

SWAYZE, J. The writ recites a willingness to be certified of certain proceedings in the Court of Common Pleas, wherein it was refused to reinstate an appeal from a judgment of a justice of the peace, which appeal was dismissed by the Common Pleas upon the ground that the justice had not sent up his transcript to that court within the time limited by law. The writ commands the Common Pleas to certify the proceedings on file, with all things touching and concerning the same. The return sends us the summons in the court for the trial of small causes, the return thereon, the state of demand, the transcript of the justice's docket, the notice of appeal, appeal bond, the order dismissing the appeal and the order denying the motion to reinstate.

The recital suggests that the prosecutors may have intended to review only the refusal to reinstate the appeal, and this, as counsel for the defendant contends, cannot be done by *certiorari.* But a careful reading of the recital in the writ shows that what was intended to be brought up was *the proceedings in the cause* in which there was a refusal to reinstate. This language is sufficient to embrace all the proceedings, and such is the command of the writ. In *Hoxsey* v. *Paterson,* 10 *Vroom* 489, a vagueness in the command of the writ was disregarded because the recitals indicated what was sought to be reviewed. We certainly should not limit the command of the writ by reference to the recitals, where no misunderstanding could arise, especially in a case like the present, where the recital itself, when carefully read, is as broad as the command of the writ. We think the propriety of the order dismissing the appeal is properly before us.

The order shows, on its face, that the reason for dismiss-

ing the appeal was the failure of the justice to make out and send up a properly certified transcript of his docket within the time limited by law.   The objection is to the time of sending up the transcript, and not to the form of the certification.   The transcript was filed at ten o'clock in the morning on December 26th, 1905, which was the first day of the term of the Burlington Pleas next succeeding the judgment.   The revised statute requires the justice to send up his transcript within ten days after he shall receive notice of appeal.  *Pamph. L.* 1903, *p.* 277, § 81.   The error probably arose from the failure of the justice to notice the change introduced by the revised act, as he complied with section 83 of the old act of 1874.   *Gen. Stat., p.* 1880.   There is nothing in the case to show laches on the part of the plaintiffs.   If we could consider the affidavit on the motion to reinstate the appeal, it would indicate diligence; but on the face of the papers the default of the justice did not occur until December 18th, and there does not appear to have been a session of the Burlington Pleas between that date and December 26th, when the appeal was dismissed.   The only default was that of the justice above stated, and this court held long ago that the appeal could not be dismissed for such a default.  *State* v. *Bergen Common Pleas, Penn.* \*737.   The distinction between such a case and a case where the plaintiff is in laches is stated by Justice Dixon in *Drake* v. *Camp,* 16 *Vroom* 293.

It is now urged by the defendant that the appeal was improperly taken because the record does not show a judgment in the court for the trial of small causes.   It shows a judgment for the plaintiff for $11.43 debt, and a judgment for the defendant for $2 costs.   This was irregular, but it was a judgment against the plaintiff for the costs, from which he had the right to appeal.

The order of dismissal should be set aside, and the cause remitted to the Common Pleas for further proceedings according to law.